NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY MARHALL ALSTON, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>WILLIS PARKER; JACK SINGER; LYNDA :<br>NAVRATIL; DIRECTOR OF DIVISION OF :<br>MENTAL HEALTH SERVICES IN HIS :<br>OFFICIAL CAPACITY, :<br>:<br>Defendants. :<br>:<br>: | **OPINION**<br><br>Civ. No. 95-6158 (WHW) |

**Walls, Senior District Judge**

Plaintiff Gary Alston ("Alston") requests that this Court vacate the judgment dismissing Plaintiff's complaint without prejudice and substitute it with an order granting Plaintiff thirty days to amend his complaint. Pursuant to Fed. R. Civ. P. 78, Plaintiff's motion is decided without oral argument and granted.

**FACTS AND PROCEDURAL BACKGROUND**

On January 5, 1995, at the end of his 17-year sentence in a New Jersey prison, Alston was involuntarily committed to the Trenton Forensic Hospital, now known as the Ann Klein Forensic Hospital, pursuant to New Jersey's civil involuntary commitment statute. N.J.S.A. 30:4-27.10. A court hearing was scheduled for January 25, 1995. On February 23, 1995, Alston was transferred to Greystone Park Psychiatric Hospital. On December 4, 1995, Alston filed two pro se complaints in the District of New Jersey alleging unlawful commitment to a psychiatric

**NOT FOR PUBLICATION**

hospital and seeking the sum of $63,000,000 as damages.  The Court referred the matter to a magistrate judge, who granted Alston's application for appointment of counsel on March 19, 1996.  On August 17, 2000, New Jersey Protection and Advocacy entered an appearance as Alston's counsel.  However, on March 20, 2001, the complaint was dismissed for lack of prosecution.  On May 31, 2002, the Court vacated the earlier order of dismissal and reinstated the case upon Plaintiff's motion.

Defendants responded by filing a Fed. R. Civ. P. 12(b)(6) motion to dismiss and invoking various defenses such as defects in the pleading, witness immunity, qualified immunity, and sovereign immunity.  The Court determined that the complaint was fatally defective because Alston had not pled his 48 U.S.C. § 1983 claim with particularity.  Accordingly, on March 18, 2003, the Court dismissed the complaint with prejudice and without leave to amend.

Alston filed a notice of appeal to the United States Court of Appeals for the Third Circuit, and on April 5, 2004, the Third Circuit vacated the order dismissing the complaint and remanded the case to the District Court pursuant to its opinion in Alston v. Parker, 363 F.3d 229 (3d Cir. 2004).  The Third Circuit held that Alston's § 1983 claim should not have been considered under a heightened pleading requirement but under the more liberal standards of notice pleading required by Rule 8.[1]  Id.  On June 17, 2005, Alston filed a motion to amend the complaint, and his motion was granted on July 14, 2005.  On October 14, 2005, Defendants filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  On May 25, 2006, Alston

---

[1] Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

**NOT FOR PUBLICATION**

filed a second amended complaint without seeking leave of court; this Court granted Defendants' motion and ordered the second amended complaint stricken without prejudice.  On September 26, 2006, the Court dismissed Plaintiffs first amended complaint, without prejudice, for failure to state a claim upon which relief granted.

**DISCUSSION**

Alston asks this Court to vacate its September 26, 2006 Order and substitute it with an order granting him thirty days to amend his complaint on the ground that he has a sound legal basis for bringing a claim which he wishes to properly present to the court.  Specifically, Alston alleges that he was held in the state psychiatric hospital beyond the time period permitted by New Jersey law without having a proper hearing.  Defendants oppose Alston's motion on two grounds: (1) Alston failed to file a brief or statement that no brief is required and the reasons therefor as required by L. Civ. R. 7.1(2), and (2) any attempt Plaintiff makes to file an amended complaint is barred by the statute of limitations.

It is a deep rooted tradition that every party is entitled to his day in court, where possible. See, e.g., Ortiz v. Fireboard Corp., 527 US 815, 846 (1999).  The Third Circuit has stated that dismissal is a drastic sanction and one of last resort.  Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 807 (3d Cir. 1986).  In considering this motion, the Court is mindful of these general principles.  Although Alston procedurally should have accompanied his motion with a brief or statement that no brief is necessary, see L. Civ. R. 7.1(d)(4), no brief was necessary and Defendants have not demonstrated any prejudice as a result of Plaintiff's failure to file such a statement.  The Court will not deny the motion on a mere technicality.

**NOT FOR PUBLICATION**

The real issue is whether the Court should amend its Order, thereby permitting Alston to file an amended complaint. Ordinarily, an order dismissing a complaint without prejudice is not a final, appealable order and a plaintiff may file an amended complaint. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002). However, this principle does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice. Cardio-Med. Assocs. v. Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983). This is because a statue of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, and the original complaint is treated as if it never existed. Id. In Brennan v. Kulick, the Third Circuit distinguished between cases dismissed with conditions for reinstatement and those without. 407 F.2d 603 (3d Cir. 2005). The court held that when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided the plaintiff meets those conditions. Id. at 607.

The September 26, 2006 Order states: "Plaintiff's complaint is dismissed without prejudice." There is no condition of reinstatement, meaning that the order is final and appealable. An amendment to the complaint, therefore, does not relate back to the date of the initial filing of the complaint. See Cardio-Medical Assocs., 721 F.2d at 77. The events complained of occurred in 1995, so the statute of limitations has run. Thus, the current order, as it stands, bars Alston from filing an amended complaint.

This Court did not intend such a result. The Third Circuit remanded the case in 2004 to give Plaintiff an opportunity to cure its complaint, which it did. Through limited discovery,

**NOT FOR PUBLICATION**

Alston alleges he later learned that he was held for thirty-five days before being afforded a hearing, fifteen days beyond the twenty permitted by law. Alston now requests an opportunity to be heard in an amended complaint. It is worth noting that Alston's second amended complaint, filed May 25, 2006 included a similar allegation that he was held thirty-five days before a hearing. The Court ordered the second amended complaint stricken without prejudice because it was procedurally defective in that Alston failed to seek leave to amend. The Court intended to rule on the outstanding motion to dismiss the first amended complaint and to allow Plaintiff to seek leave to amend the complaint, if necessary, following the resolution of the motion. In light of the principle that a party is entitled to his day in court, the additional facts, and Alston's timely motion to vacate the judgment, it would be unjust to prevent Alston from amending the complaint and being heard on his constitutional claim.[2] Furthermore, Defendants have not demonstrated that prejudice will result. Accordingly, Alston's motion is granted.

**CONCLUSION**

The District Court's September 26, 2006 Order dismissing Plaintiff's complaint without prejudice is hereby vacated. Plaintiff has thirty days after the date of the filing of this Order to

---

[2] Defendants cites <u>Unger v. National Residents Matching Program</u> in support of its argument that the court is not required to allow a plaintiff a time period to amend his complaint when the case is dismissed for failure to state a claim on the merits and not because of pleading deficiencies. 928 F.2d 1392, 1401 (3d Cir. 1991) (concluding that the district court had not abused its discretion in not offering the plaintiff an opportunity to amend before dismissing his complaint). While a court is not <u>required</u> to allow a plaintiff to amend its complaint when it dismisses a case on the merits, it is not precluded from doing so either. In the present case, the court intended to allow Plaintiff an opportunity to amend its complaint but neglected to include a condition of reinstatement in its dismissal order. It is therefore appropriate for the Court to vacate its Order and substitute it with one that accomplishes this objective.

**NOT FOR PUBLICATION**

amend his complaint. If the complaint is not amended in thirty days, Plaintiff's complaint will be dismissed with prejudice.

                                                    s/ William H. Walls

                                                  **William H. Walls, U.S.D.J.**