**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GARY MARHALL ALSTON, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 95-6158 (WHW) |
| | : | |
| WILLIS PARKER; JACK SINGER; LYNDA | : | |
| NAVRATIL; DIRECTOR OF DIVISION OF | : | |
| MENTAL HEALTH SERVICES IN HIS | : | |
| OFFICIAL CAPACITY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiff Gary Marshall Alston brought this suit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by New Jersey's civil commitment law, which authorizes an individual who has been judged by two medical professionals to be a danger to himself or others to be involuntarily committed for up to twenty days before a final hearing. Defendants Willis Parker, Jack Singer, Lynda Navratil, and the Director of Mental Health Services ("Defendants") move to dismiss portions of Alston's Third Amended Complaint for failure to state a claim upon which relief can be granted. Pursuant to Fed. R .Civ. P. 78, Defendants' motion is decided without oral argument. The motion is granted in part and denied in part.

**FACTS AND PROCEDURAL BACKGROUND**

On January 5, 1995, at the end of his 17-year sentence in a New Jersey prison, Alston was involuntarily committed to the Trenton Forensic Hospital, now known as the Ann Klein Forensic

NOT FOR PUBLICATION

Hospital, pursuant to New Jersey's civil involuntary commitment statute.  N.J.S.A. 30:4-27.10.

A court hearing was scheduled for January 25, 1995.  On February 23, 1995, Alston was

transferred to Greystone Park Psychiatric Hospital.  On December 4, 1995, Alston filed two pro

se complaints in the District of New Jersey alleging unlawful commitment to a psychiatric

hospital and seeking the sum of $63,000,000 as damages.  The Court referred the matter to a

magistrate judge, who granted Alston's application for appointment of counsel on March 19,

1996.  On August 17, 2000, New Jersey Protection and Advocacy entered an appearance as

Alston's counsel.  However, on March 20, 2001, the complaint was dismissed for lack of

prosecution.  On May 31, 2002, the Court vacated the earlier order of dismissal and reinstated the

case upon Plaintiff's motion.

Defendants responded by filing a Fed. R. Civ. P. 12(b)(6) motion to dismiss and invoking

various defenses such as defects in the pleading, witness immunity, qualified immunity, and

sovereign immunity.  The Court determined that the complaint was fatally defective because

Alston had not pled his 48 U.S.C. § 1983 claim with particularity.  Accordingly, on March 18,

2003, the Court dismissed the complaint with prejudice and without leave to amend.

Alston filed a notice of appeal to the United States Court of Appeals for the Third Circuit,

and on April 5, 2004, the Third Circuit vacated the order dismissing the complaint and remanded

the case to the District Court pursuant to its opinion in Alston v. Parker, 363 F.3d 229 (3d Cir.

2004).  The Third Circuit held that Alston's § 1983 claim should not have been considered under

a heightened pleading requirement but under the more liberal standards of notice pleading

**NOT FOR PUBLICATION**

required by Rule 8.[1]  Id.  On June 17, 2005, Alston filed a motion to amend the complaint, and

his motion was granted on July 14, 2005.  On October 14, 2005, Defendants filed a motion to

dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  On May 25, 2006, Alston

filed a second amended complaint without seeking leave of court; this Court granted Defendants'

motion and ordered the second amended complaint stricken without prejudice.  On September

26, 2006, the Court dismissed Plaintiff's first amended complaint, without prejudice, for failure

to state a claim upon which relief granted.

On October 5, 2006, Plaintiff filed a motion to vacate the Court's order of dismissal and

to substitute an order granting Plaintiff thirty days to amend his complaint.  On November 29,

2006, the Court granted Plaintiff's motion to vacate and filed a new Order dismissing Plaintiff's

amended complaint without prejudice but granting him thirty days to file an amended complaint.

Plaintiff filed a Third Amended Complaint on December 20, 2006 alleging that Alston

was temporarily committed for thirty-six days before he received a hearing and that the "overly

burdensome" statute violated his Fourteenth Amendment due process rights and his Fourteenth

and First Amendment right to access the Courts.  The Third Amended Complaint also reasserts

claims previously made in the Amended Complaint and dismissed by the Court, namely that the

maximum twenty day waiting period before a hearing violated his Fourth, Fifth, and Fourteenth

Amendment rights.

Presently before the Court is Defendants' motion to dismiss the portions of the Third

---

[1]Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of
the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

NOT FOR PUBLICATION

Amended Complaint which challenge the constitutionality of New Jersey's civil commitment scheme.[2]

**NEW JERSEY'S CIVIL COMMITMENT STATUTE**

In New Jersey, an action for civil commitment may be commenced either through a screening service or by an independent application based on two clinical certificates. N.J. Ct. R. 4:74-7(b). If an individual is involuntarily committed by a screening service, he may only be detained by the facility or hospital for seventy-two hours without court order. During the seventy-two hours, the screening service determines whether to institute proceedings for temporary commitment by filing a clinical certificate completed by a psychiatrist on the patient's team and a certificate executed by a physician associated with the screening service. N.J. Ct. R. 4:74(b)(1). Alternatively, if the screening service cannot be employed, proceedings for involuntary commitment may be initiated by filing an application supported by two clinical certificates. N.J. Ct. R. 4:74-7(b)(2). If involuntary commitment is initiated this way, detention is only permitted following a temporary order of commitment by the court. N.J. Ct. R. 4:74-7(b)(2).

Upon receipt of the application for commitment, the court must immediately review it in order to determine whether there is probable cause to believe the person is in need of involuntary commitment. N.J.S.A. 30:4-27.10(f). The court may enter an order of temporary commitment only if the court finds probable cause, based on the screening or the two certificates, to believe

---

[2] Defendants answer the other portions of Plaintiff's complaint, namely that he was held for thirty-six days in violation of New Jersey's civil commitment statute, in a separately filed Answer.

**NOT FOR PUBLICATION**

that the person is in need of involuntary commitment.  N.J.S.A. 30:4-27.10(g).  That is, there

must be probable cause to believe that the person is a danger to himself or others because of

mental illness.  N.J. Ct. R. 4:74-7(b).  If the court finds probable cause to believe the person is in

need of commitment, it must set a date for a final hearing within twenty days of the initial

inpatient admission to the facility.  N.J.S.A 30:4-27.10(h); N.J.S.A. 30:4-27.12(a); N.J. Ct. R.

4:74-7(c)(1).  The date is not subject to adjournment except in exceptional circumstances and for

good cause shown in open court and on the record.  N.J. Ct. R. 4:74-7(c)(1).

    The patient is entitled to counsel, pursuant to N.J.S.A. 30:4-27.14 and N.J. Ct. R. 4:74-

7(c)(3).  In the order of temporary commitment, the court must assign counsel to represent an

unrepresented patient.  Id.  The county adjuster of the admitting county or the Attorney General

or county prosecutor if presenting the case for the patient's involuntary commitment, must give

notice of the hearing to the patient, his guardian, his next-of-kin, his attorney, the county adjuster

and any other individual specified by the court ten days before the date of the hearing.  N.J.S.A.

30:4-27.14.  The notice shall contain the date, time, and location of the court.  Id.  The patient

and the patient's counsel are also to receive copies of the clinical certificates and supporting

documents, the temporary court order, and a statement of the patient's rights at the court hearing.

Id.  The patient's treating psychiatrist must examine the patient no more than five days before the

hearing to testify as to the clinical basis, if any, for the need for involuntary confinement.

N.J.S.A. 30:4-27.11(b).

    The patient is entitled to file a writ of habeas corpus at any time during his confinement.

N.J.S.A. 30:4-27.11c(d).

**NOT FOR PUBLICATION**

**LEGAL STANDARDS**

### 1.  Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation.  See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that these elements exist.  See Fed. R. Civ. P. 8(a)(2);  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); see also 5A Wright & Miller, Federal Practice & Procedure § 1357 at 299 (2d ed. 1990).

### 2.  Standard for a § 1983 Claim

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

NOT FOR PUBLICATION

constitutional rights.  Section 1983 subjects to liability:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and law.

42 U.S.C. § 1983.  To establish a viable § 1983 claim, a plaintiff must demonstrate that "the

conduct complained of was committed by a person acting under color of state law and that this

conduct deprived the plaintiff of his rights, privileges and immunities secured by the Constitution

or laws of the United States."  Id.

**DISCUSSION**

    **1.  Claims Previously Addressed in the September 26, 2006 Opinion**

       In his Third Amended Complaint, Plaintiff re-asserts a number of the claims previously

addressed in the Court's September 26, 2006 Opinion ("September Opinion").  In his fourth

cause of action, Plaintiff alleges that "[t]he New Jersey involuntary civil commitment scheme

does not provide for a speedy review of a temporary *ex parte* order of commitment as required by

the Due Process Clause of the Fourteenth Amendment"; that "Plaintiff's Fourteenth Amendment

due process rights were violated when his liberty was taken away by the State without any

immediate or speedy hearing regarding the merits of the *ex parte* order"; and that "[t]here is no

reasonable justification to hold Plaintiff, or anyone else, for twenty days on an *ex parte* order

before they are allowed to test the sufficiency of the papers filed against them."  Plaintiff requests

that the court declare that "New Jersey Civil Commitment statute N.J.S.A. 30:4-27, R. 4:74-4,

which authorizes a hearing twenty days after an *ex parte* order, violated his constitutional rights

NOT FOR PUBLICATION

under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution." Third

Amended Complaint.

Defendants ask the Court to dismiss these claims on the ground that they have already

been decided by the Court and are barred by the doctrine of res judicata. Plaintiff, in contrast,

maintains that res judicata does not apply because the decision on which Defendants rely was not

final nor decided on the merits of Plaintiff's claim.

The doctrine of res judicata is based on the principle that a final judgment entered on the

merits of a case is conclusive. Nevada v. United States, 463 U.S. 100, 129-30 (1983). Res

judicata includes both issue preclusion and claim preclusion. Claim preclusion provides that if

the later litigation arises from the same cause of action as the first, the judgment necessarily bars

litigation of every matter actually adjudicated in the earlier case as well as any claim that might

have been presented. Id. Issue preclusion, also known as collateral estoppel, forecloses re-

litigation of issues that have already been decided. Id.

Courts in this Circuit and others have routinely held that where a complaint is dismissed

without prejudice, the doctrine of res judicata does not apply. See, e.g., Recchion v. Kirby, 637

F. Supp. 284, 287 (W.D. Pa. 1985) (citing Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d

Cir. 1976) (per curiam)) for the proposition that a dismissal without prejudice amounts to an

implicit invitation to amend the complaint); Smith v. United Federation of Teachers, 162 F.3d

1148 (2d Cir. 1998) (noting  that where a complaint is expressly dismissed without prejudice, res

judicata does t apply); Gashi v. County of Westchester, No. 02-cv-6934, 2005 WL 195517

(S.D.N.Y. Jan. 27, 2005).

NOT FOR PUBLICATION

Here, the Court specifically issued an Order dismissing Plaintiff's claim without prejudice with the intent that Plaintiff re-file his Complaint and be heard on those factual matters which Plaintiff had represented to the Court were not included in his Amended Complaint.  To prevent a statute of limitations problem, the Court vacated its September Order and substituted an Order which specifically granted Plaintiff thirty days to amend his Complaint.  Accordingly, Plaintiff's claims are not barred by the doctrine of res judicata.

Nevertheless, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted with respect to his claim that an involuntary civil commitment hearing, which may be held as long as twenty days after confinement, violates his Fourth, Fifth, and Fourteenth Amendment rights.

In his Third Amended Complaint, Plaintiff has not presented any new or additional information which would change the Court's previous analysis that a twenty day waiting period is constitutional.[3]  While the newly alleged facts that Plaintiff was held for thirty-six days before a hearing rather than the maximum twenty under the statute may present a claim that Defendants violated the statute, and in so doing, Plaintiff's rights, they do not affect the validity of the statute itself.[4]  Accordingly, Defendants' motion to dismiss those portions of the Complaint which

_____

[3]In the September Opinion, the Court conducted a lengthy review of the requirements of due process and the right to be free from involuntary seizures.  Employing a totality of the circumstances test, the Court concluded that the New Jersey civil commitment scheme has sufficient procedural safeguards to protect the liberty interests of individuals.  See Alston v. Parker, 452 F.Supp.2d 597 (D.N.J. 2006).

[4]Defendants do not move to dismiss claims based on Plaintiff's allegation that he was held for thirty-six days, so the Court does not address this issue.

NOT FOR PUBLICATION

challenge the constitutionality of the twenty day waiting period under the Fourth, Fifth, and

Fourteenth Amendments is granted.

### 2. <u>Fourteenth Amendment Claim</u>

Defendants move to dismiss Plaintiff's claim that New Jersey's Civil Commitment statute

violates the Fourteenth Amendment because "notice of hearing does not have to be served upon

the individual until ten days before the hearing." <u>See</u> Third Amended Complaint at ¶ 45.  They

argue that the claim should be dismissed because: (1) Plaintiff does not have standing to bring

the claim, and (2) the named defendants were not responsible for serving Plaintiff with notice of

hearing.  Defendants' Reply indicates that their motion to dismiss is limited to Plaintiff's claim

that the involuntary civil commitment statute is unconstitutional because it permits notice of

hearing to be served ten days before a hearing.  The Court, therefore, does not address the

allegations that Plaintiff was held beyond the maximum statutory time period.

In <u>Ex parte Young</u>, the Supreme Court held that a state official is a proper defendant in a

suit challenging the constitutionality of a state law if by virtue of his office, the official has some

connection with the enforcement of the law.  209 U.S. 123, 157 (1908).  In that case, the state

attorney had the authority to bring a civil action to enforce an allegedly unconstitutional state law

governing the setting of railroad transport rates.  The Court reasoned that the attorney general

was the proper defendant because if he brought suit against the plaintiff to enforce the allegedly

unconstitutional law, he would violate the plaintiff's rights.  <u>Id.</u> at 160-61.  Similarly, in <u>Finberg</u>

<u>v. Sullivan</u>, the Third Circuit held that where a state law made the Philadelphia County

prothonotary and sheriff responsible for enforcing allegedly unconstitutional garnishment

NOT FOR PUBLICATION

procedures, the sheriff and prothonotary were proper defendants.  634 F.2d 50, 54 (3d Cir. 1980).

The Court reasoned that they were proper defendants because their enforcement of the allegedly

unconstitutional procedures caused a violation of plaintiff's rights.  Id.  In contrast, the court has

held that general authority to enforce a statute is insufficient to make government officials the

proper parities to litigation challenging the laws.  1st Westco Corp. v. School Dist. of

Philadelphia, 6 F.3d 108, 113 (3d Cir. 1993) (dismissing the secretary and attorney general where

the School District, not the Commonwealth officials, had the duty to enforce the statutory section

at issue).

      New Jersey's civil commitment statute requires that the county adjuster of the committing

county or the Attorney General or county prosecutor serve notice upon the patient, the patient's

guardian, the patient's next-of-kin, the patient's attorney, and the person in custody of the patient

within 10 days of the hearing.  N.J.S.A. 30:4-27.13; see also N.J. Ct. R. 7:74-7.  Defendants

argue that Plaintiff's claim must be dismissed because none of the named defendants were

responsible for serving such notice.  Because none of the named defendants had a duty under the

statute to provide notice to Plaintiff, they are not proper defendants to the claim that the notice

provision of New Jersey's civil commitment statute violates the Fourteenth Amendment.

Accordingly, the Court dismisses this claim because relief cannot be granted from these

Defendants.

      **3.  First and Fourteenth Amendment Right of Access to the Courts**

      Defendants ask the Court to dismiss Plaintiff's First Amendment claim that New Jersey's

-11-

NOT FOR PUBLICATION

involuntary civil commitment statute restricted Plaintiff's access to the courts.[5]  Plaintiff's

Complaint alleges that "his ability to access the courts to seek redress of his grievances was

impeded by the overly burdensome statutory requirement."  Third Amended Complaint ¶ 43.  In

his prayer for relief, Plaintiff asks this Court to issue an order "declaring that holding Plaintiff for

twenty days without providing him with the means to challenge his detention during those twenty

days violated his rights under the First Amendment to the United States Constitution to access

the courts."  Third Amended Complaint.

Defendants argue: (1) the First Amendment claims must fail because the twenty day

period has been deemed constitutional by the court; (2) Plaintiff does not have standing; and (3)

the statutory scheme at issue provides access to the courts.

Plaintiff's opposition brief maintains that he was denied access to the courts when he was

held for thirty-six days, sixteen days beyond the statutory time period allowed.  Plaintiff also

alleges that his access to the courts was impeded because he did not have access to a law library

and because the procedures required to appear before a judge are unnecessarily burdensome in so

much as there is no policy or practice in place to notify the court that Plaintiff would like a

hearing.  Finally, Plaintiff maintains that his access to the courts was frustrated because

Defendants' policies do not provide a means for filing a writ of habeas corpus.

As an initial matter, the Court notes that Defendants only move to dismiss Plaintiff's

_____

[5]Defendants only specifically move to dismiss Plaintiff's claim that the statute violated the Plaintiffs First Amendment right to access the courts.  However, since the right of access to the courts derives from both the First and Fourteenth Amendments, the Court will consider both claims together.

NOT FOR PUBLICATION

claim that the statute is facially invalid under the First Amendment.  Defendants do not address

whether being held for thirty-six days, sixteen days beyond the statutory maximum, violated

Plaintiff's right of access to the courts.  Accordingly, the Court restricts its discussion to the

constitutionality of the statutory scheme.

It is well-established that there is a constitutional right of access to the courts.  Bounds v.

Smith, 430 U.S. 817, 821 (1977).  However, Defendants challenge Plaintiff's claim on the

ground that he does not have standing.  In Lewis v. Casey, the Supreme Court examined the

standing requirements to sustain an action for a violation of the constitutional right of access to

the courts.  518 U.S 343 (1996).  The Court noted that the role of the judiciary is to provide relief

to claimants, and an individual does not have standing based on a theoretical harm.  Id. at 351.

As the Court explained, a plaintiff cannot merely allege that procedures are inadequate in an

abstract sense because that "would be the precise analog of [a] healthy inmate claiming

constitutional violations because of the inadequacy of the prison infirmary."  Id.  Rather, a

plaintiff must assert that he has suffered an actual injury.  Id.  The Supreme Court noted that a

plaintiff could meet his burden by showing, for example, "that a complaint he prepared was

dismissed for failure to satisfy some technical requirement which, because of the deficiencies in

the prison's legal assistance facilities, he could not have known."  Id.  Similarly, a plaintiff might

demonstrate that he wished to bring an action before the court "but was so stymied by

inadequacies of the law library that he was unable to file a complaint."  Id.

For Plaintiff to sustain an action for a violation of his right of access to the courts, he

must alleged that his own access has somehow been thwarted and that as a result he has suffered

NOT FOR PUBLICATION

some actual harm.[6]  This Court has already held that a waiting period of twenty days does not

violate due process.  By the same reasoning, twenty days does not violate Plaintiff's First

Amendment right of access to the courts.  The real issue is whether the statutory scheme, which

provides that a committed individual may not receive notice of the supporting papers or clinical

certificates until ten days before his hearing, violated Plaintiff's right of access the courts.

This Court finds that Plaintiff does not have standing because he has not alleged an actual

harm as required by <u>Lewis</u>.  Rather, his Complaint suggests a theoretical harm which may occur

under New Jersey's involuntary civil commitment statute –  that the length of time to deliver

notice could potentially prevent an individual from having time to file a writ of habeas corpus

within the twenty day window.[7]  Plaintiff does not allege when he received notice of the charges

against him.  Nor does he allege that the timing of the notice hampered his ability to pursue a

legal claim or resulted in a deprivation of his right to access the court.   There is no suggestion in

the Complaint that he had insufficient time to prepare for his hearing and suffered a detriment as

a result.  As this Court stated in <u>Prisoner's Legal Association v. Roberson</u>, "meaningful access to

the courts is the touchstone and the inmate therefore must go one step further and demonstrate

that the alleged shortcomings [of the statutory scheme] hindered <u>his</u> efforts to pursue a legal

claim."  No. 91-4460, 1997 WL 998592 (D.N.J. 1997) (internal quotations omitted) (granting

_____

[6]Again, this Opinion is limited to allegations that the statute is unconstitutional under the
First Amendment and does not consider whether the statute was properly applied.

[7]The Court notes that the purpose of the writ of habeas corpus is to get expedited review.
It is not the <u>only</u> means of gaining access to the courts.  Under the statute, every individual is
guaranteed a hearing within twenty days regardless of what action he takes.  N.J.S.A 30:4-
27.10(h); N.J.S.A. 30:4-27.12(a); N.J. Ct. R. 4:74-7(c)(1).

**NOT FOR PUBLICATION**

defendant summary judgment on access to court claim because plaintiff had not demonstrated actual harm).  Accordingly, the Court dismisses Plaintiff's First and Fourteenth Amendment claims that the twenty day waiting period before a hearing and the requirement that notice be served ten days before the hearing violated Plaintiff's right of access to the courts.

       **4.  Claims Against the Commissioner**

Defendants move to dismiss Plaintiff's claim against the Assistant Commissioner for monetary damages.  Defendants make two primary arguments: (1) a state official is not a person for the purposes of 42 U.S.C. § 1983; and (2) the assistant commissioner is immune from suit pursuant to the Eleventh Amendment.  Plaintiff maintains that the suit is proper because he is suing the commissioner in his official capacity for injunctive relief only.

As a general rule, the Eleventh Amendment provides immunity to States from suits brought by citizens in federal court.  The Supreme Court has recognized that a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the individual's office.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  The Court held that neither a state nor an official acting in his official capacity is a "person" under  § 1983. Id.  However, the Court has distinguished between official capacity suits for monetary damages and official capacity suits for prospective relief.  Although an individual may not sue the state for monetary damages, under the doctrine of Ex parte Young, a plaintiff may challenge the constitutionality of a state law by suing a state official acting in his official capacity for injunctive relief.  Ex parte Young , 209 U.S. at 159-160; Kentucky v. Graham, 473 U.S. 159, 167, n.14 (stating that "official-capacity actions for prospective relief are not treated as actions

**NOT FOR PUBLICATION**

against the State"); <u>Koslow v. Pennsylvania</u>, 302 F.3d 161, 168 (3d Cir. 2002) (stating that purely prospective relief against state officials for ongoing violations of federal law is available under the "legal fiction" of <u>Ex parte Young</u>).

Here, Plaintiff's claim against the commissioner is for injunctive relief not barred by the Eleventh Amendment.  Accordingly, Defendants' motion to dismiss the commissioner as a defendant is denied.

**CONCLUSION**

Is it on this 2nd day of May, 2007:

ORDERED that Defendants' motion to dismiss Portions of Plaintiff's Third Amended Complaint is GRANTED in part and DENIED in part.

An appropriate Order will follow.

___ s/ William H. Walls _____
**William H. Walls, U.S.D.J.**
